# UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

|  |  |
|---|---|
| In re: | |
| Quadrant 4 System Corporation, *et al.*,[1] | Chapter 11 |
| Debtors. | Case No. 17-19689 |
| | (Jointly Administered) |
| | Honorable Jack B. Schmetterer |
| Amherst Partners LLC, solely as Liquidating Trustee of the Quadrant 4 Liquidating Trust, | |
| Plaintiff, | Adv. Proc. No. 19-00789 |
| v. | |
| Mentis Solutions Incorporated, | |
| Defendant. | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW FOR DEFAULT JUDGMENT

Upon review of the record, including: Plaintiff's Complaint; Summons Executed; Motion for Default with supporting exhibits and affidavits; Certificate of Service of Motion for Default; and Order of Default, the Court makes the following findings of fact and conclusions of law:

### Procedural History

1.     This Court has subject matter jurisdiction over this adversary proceeding (the "***Adversary Proceeding***"), which arises under the Bankruptcy Code, and arises in and relates

---

[1] The Debtors in these jointly administered chapter 11 cases are Quadrant 4 Systems Corporation ("***Quadrant 4***") and Stratitude, Inc. ("***Stratitude***").

SFGH: 4825-2497-6043v1

to a case under the Bankruptcy Code in the United States Bankruptcy Court for the Northern

District of Illinois, Eastern Division (the "*Bankruptcy Court*"), case number 17-19689, (Dkt.

No. 192) under 28 U.S.C. §§ 157 and 1334.

2.      This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and

venue is proper in the Northern District of Illinois under 28 U.S.C. §§ 1408 and 1409.

3.      The Debtors filed voluntary chapter 11 bankruptcy petitions on June 29, 2017

("*Q4 Petition Date*") and October 13, 2017 ("*Stratitude Petition Date*") (collectively, the

"*Petition Dates*," and each, a "*Petition Date*") in the Bankruptcy Court.

4.      On July 12, 2018, the Bankruptcy Court entered an order confirming an

Amended Joint Plan of Liquidation (the "*Plan*") for the Debtors' bankruptcy estates. (Dkt. No.

463)

5.      Under the terms of the Plan and corresponding documents, all causes of action,

including those arising under §§ 544, 547, 548, 549, 550, and 502(d) of the Bankruptcy Code,

were assigned to the Liquidating Trust.

6.      On June 21, 2019, the Trustee initiated the above-captioned adversary

proceeding against the Defendant by filing a complaint seeking to avoid and recover

preferential transfers from the Defendant under §§ 547 and 550 of the Bankruptcy Code in the

amount of $24,984.00 (the "*Complaint*"). (Dkt. No. 1) The Trustee's Complaint seeks (a)

interest on the avoidable transfers at the legally allowable rate from the demand date until a

judgment is entered by the Court; and (b) to disallow the Defendant's claims against the

Debtors' estates under § 502(d) of the Bankruptcy Code.

7.      On June 21, 2019, the Clerk of the Court issued a summons (the "*Summons*")

to the Defendant. (Dkt. No. 2).

SFGH: 4825-2497-6043v1

8.      On June 21, 2019, the Trustee properly served Defendant with the Complaint and Summons via U.S. Mail pursuant to Bankruptcy Rule 7004. (Dkt. No. 4).

9.      On July 2, 2019, the Trustee filed proof of service of the Complaint and the Summons demonstrating Defendant was properly served. (Dkt. No. 4).

10.     On September 12, 2019, the Clerk of the Court issued an alias summons (the "*Alias Summons*") to the Defendant. (Dkt. No. 16.)

11.     On September 12, 2019, the Liquidating Trustee properly served Defendant with the Complaint and Alias Summons via U.S. Mail pursuant to Bankruptcy Rule 7004. (Dkt. No. 17.)

12.     On September 13, 2019, the Liquidating Trustee filed proof of service of the Complaint and the Alias Summons demonstrating Defendant was properly served. (Dkt. No. 17.)

13.     On September 23, 2019, the Clerk of the Court issued a second alias summons (the "*Second Alias Summons*") to the Defendant. (Dkt. No. 19.)

14.     On September 23, 2019, the Liquidating Trustee properly served Defendant with the Complaint and Second Alias Summons via U.S. Mail pursuant to Bankruptcy Rule 7004. (Dkt. No. 20.)

15.     On September 23, 2019, the Liquidating Trustee filed proof of service of the Complaint and the Alias Summons demonstrating Defendant was properly served. (Dkt. No. 20.)

## Findings of Fact

16.     The preferential transfers made by the Debtors were transfers of an interest of one or more of the Debtors in property.

17.     Each preferential transfer was made for or on account of an antecedent debt owed by one or more of the Debtors to the Defendant before such transfer was made.

18.     Each preferential transfer was made on or within ninety (90) days before the Petition Date. Defendant was either: (i) the initial transferee of the preferential transfers; (ii) the entity for whose benefit the preferential transfers were made; or (iii) an immediate or

3

mediate transferee thereof.

19.     Defendant has neither paid nor surrendered the preferential transfers or their

equivalent value to the Trustee.

20.     Defendant may have a claim or claims against the Debtors' estates.

## Conclusions of Law

21.     The Trustee objects to any and all of Defendant's claims including, without

limitation, all pre and post-petition claims pursuant to § 502(d) of the Bankruptcy Code.

22.     Defendant is neither an unrepresented infant nor an incompetent person who

has failed to appear in this action.

23.     Under Bankruptcy Rule 7012(a), the Defendant was required to answer or

otherwise plead within thirty (30) days after the issuance of the Second Alias Summons on or

after October 24, 2019.

24.     Each preferential transfer was made to or for the benefit of the Defendant,

within the meaning of § 547(b)(1) of the Bankruptcy Code, because each preferential transfer

either reduced or fully satisfied a debt then owed by one or more of the Debtors to the

Defendant.

25.     Each of the Debtors was insolvent throughout the Preference Period because

the sum of each Debtor's respective debts was greater than the fair value of its respective

assets.

26.     Defendant was a creditor of one or more of the Debtors within the

meaning of §101(10)(A) of the Bankruptcy Code at the time of each of the Preferential Transfers.

27.     The Trustee may avoid the preferential transfers under § 547 of the Bankruptcy Code.

28.     Upon the avoidance of the preferential transfers under § 547 of the Bankruptcy

4

Code, the Trustee may recover the preferential transfers or equivalent value from the Defendant or any mediate or immediate transferee pursuant to § 550 of the Bankruptcy Code.

29.     The Trustee may recover the preferential transfers or equivalent value from the Defendant under § 550 of the Bankruptcy Code.

30.     The Trustee is entitled to judgment against the Defendant in the amount of $24,984.00, plus post judgment interest.

31.     Section 502(d) of the Bankruptcy Code provides that the claim of any entity or transferee receiving a payment that is avoidable under § 547 of the Bankruptcy Code shall be disallowed unless the entity or transferee turns over the payment or value of the payment. The Liquidating Trustee is entitled to judgment against the Defendant disallowing all claims of the Defendant against Debtors, if any, whether asserted in a proof of claim or scheduled on the Debtors' schedules of assets and liabilities, unless and until the Defendant returns the amount of the avoided transfers to the Liquidating Trust.

Dated this _____ day of November, 2019

Jack B. Schmetterer
United States Bankruptcy Judge

SFGH: 4825-2497-6043v1